IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN A. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1444 (MN) |
| | ) |
| VITALCORE HEALTH STRATEGIES, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Kevin A. Walker, Georgetown, Delaware – *Pro Se* Plaintiff

May 12, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On December 19, 2023, Plaintiff Kevin A. Walker, an inmate at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, filed this civil action. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5; D.I. 7). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

I.   **BACKGROUND**

The Complaint raises civil rights claims, pursuant to 42 U.S.C. § 1983, against Defendant VitalCore Health Strategies, involving medical neglect and deliberate indifference, in violation of the Eighth and Fourteenth Amendments, causing pain and suffering for which Plaintiff seeks $10 million in damages, costs, and fees. (D.I. 3 at 2-8). The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff was injured in SCI Pretrial Housing Unit 3, on or about April 2, 2023, when he was "deliberately smashed between electric powered doors" while in a wheelchair, resulting in injury to his right arm and both of his shoulders. (D.I. 3 at 5). When Plaintiff was discovered by SCI staff, he was taken to the Pretrial Medical Department, where a nurse contacted a doctor who prescribed Plaintiff ibuprofen for his pain. (*Id.*).

Approximately two weeks later, Plaintiff was seen by Dr. Shari Garner. (*Id.* at 6). Ninety days after that, Dr. Garner scheduled Plaintiff for physical therapy "to no avail." (*Id.*). As of the date of filing, Plaintiff continued to experience daily pain from the events of April 2, 2023, he had not been seen by an outside doctor or specialist, and he had not had magnetic resonance imaging (MRI) or other tests. (*Id.*). Plaintiff seeks to hold Defendant responsible for this because Defendant contracts with the State of Delaware to provide medical services at SCI, and by failing to treat Plaintiff adequately, Defendant violated its own policies, procedures, and customs. (*Id.*). Plaintiff requests to be excused from providing an affidavit of merit in support of his claims.

1

(*Id.* at 7). The Complaint indicates that Plaintiff exhausted administrative remedies for his claims. (*Id.* at 8).

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per

curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. DISCUSSION

Even when liberally construing Plaintiff's pleading and viewing the Complaint in the light most favorable to Plaintiff, the Complaint fails to state a claim and 28 § 1915(e)(2)(B)(ii) warrants dismissal. Plaintiff will be given leave to amend in accordance with this Memorandum Opinion.

First, Defendant "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability" in the § 1983 context. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To hold Defendant responsible, Plaintiff "must provide evidence that there was a relevant [company] policy or custom, and that the policy caused the constitutional violation" alleged by Plaintiff. *Natale*, 318 F.3d at 584. Yet the Complaint alleges no company policy or custom from which deliberate indifference to a serious medical need can be inferred. On the contrary, the Complaint alleges that Plaintiff's medical treatment was not in

keeping with Defendant's policies, procedures, and customs.  (*See* D.I. 2 at 6).  As such, the Complaint fails to state § 1983 claims against Defendant.

Second, even if the Complaint had named a viable Defendant, the facts alleged, without more, do not appear to establish a constitutional claim of inadequate medical care.  When a pretrial detainee raises a § 1983 claim of inadequate medical care, the Court considers whether there has been a due process violation, pursuant to the Fourteenth Amendment, *see Bell v. Wolfish*, 441 U.S. 520, 535 (1979), using the Eighth Amendment standard for the medical care of sentenced inmates, *see Goode v. Giorla*, 643 F. App'x 127, 129 (3d Cir. 2016).  The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).

To set forth a constitutional claim of inadequate medical care, Plaintiff must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Id.* at 104.  "Mere disagreement as to the proper medical treatment is insufficient," *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004), and treatment is presumed to be proper, absent evidence that there was a violation in the standard of care, *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017).  Even when a standard of care is allegedly breached, raising a constitutional claim requires proof beyond both simple negligence and medical malpractice.  *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner") (quoting *Estelle*, 429 U.S. at 106).  A prison official is "deliberately indifferent" only when the official knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

It is not clear from the facts alleged in the Complaint, without more, that any employee of Defendant, or any SCI staff member, knew that Plaintiff faced a substantial risk of serious harm and failed to take reasonable steps to avoid it. Thus, the Complaint will be dismissed, but Plaintiff will be given leave to amend. Upon amendment, the Court notes that Eleventh Amendment sovereign immunity will prohibit Plaintiff from seek monetary damages from Delaware State officials, in their official capacities,[1] but "a damage claim under section 1983 alleging civil rights violations may be maintained against [state officials] in [their] individual capacity[ies]." *Melo v. Hafer*, 912 F.2d 628, 637 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991).

## IV.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend.

An appropriate Order will be entered.

---

[1] This is the case because § 1983 permits suits only against "persons," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and "state officials acting in their official capacities are not 'persons' under § 1983," *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996). A § 1983 "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant," *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam)), and the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment, *see Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam).